[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried in Brooklyn, New York on January 12, 1963. They have resided in Connecticut since 1987. They have one minor child issue of the marriage, Paul Horan who was born on October 29, 1980. They also have an adult child, Lisa.
The court has listened to and observed the witnesses and reviewed all the exhibits in the case. In addition, the court has carefully considered the criteria set forth in Connecticut General Statutes sections 46b-56, 46b-62, 46b-81, 46b-82, 46b-84 and46b-86 (b) in reaching the decisions reflected in the orders that follow.
The court has also weighed the holding of the appellate court in O'Neill v. O'Neill, 13 Conn. App. 300, 311, cert. denied, 207 Conn. 806, (1988) wherein the court said as follows:
A property division ought to accord value to those nonmonetary CT Page 1403 contributions of one spouse which enable the other spouse to devote substantial effort to paid employment which, in turn, enables the family to acquire tangible marital assets. The investment of human capital in homemaking has worth and should be evaluated in a property division incident to a dissolution of marriage. We hold, accordingly, that an equitable distribution of property should take into consideration the plaintiff's contributions to the marriage, including homemaking activities and primary caretaking responsibilities. See also Blake v. Blake, 207 Conn. 217, 230-31 (1988)
At the time of trial the plaintiff wife was 54 years old and the defendant husband 52 years old. Both enjoy good health.
The plaintiff came to this country when she was 19. She obtained her high school equivalency degree. In 1989 she completed 30 credits in a community college program. Although she worked at the beginning of the marriage until the birth of her first child, she has worked little throughout the marriage and the defendant was the principal breadwinner. She currently works as a teacher's assistant for 8 1/2 hours per week and she has taken care of sick people in their homes although she is not trained as a nurse.
The defendant is a computer salesman. He did not have a college education when he married the plaintiff but obtained his degree at St. John's University in 1972 by attending classes full-time and part-time. He has worked throughout the marriage in computer sales and is successful. He has also been a consultant when he has lost employment or when the industry has been sluggish. He presented as a hard worker as did his wife. His salary has fluctuated as the computer industry has changed, but in 1993, his annual income was $141,000.
The parties' marriage has been shadowed by their drinking problems, which both eventually resolved, and infidelity on the part of the defendant; however, the greatest shadow is the mental illness of their minor child Paul. Certain medical records which were entered into evidence under seal shall remain so until further order of this court. Paul is in a day school for learning and emotionally disabled children. A promising start to his young life, when he was a child model, has taken a tragic turn. It is unlikely, based on the evidence presented, that Paul will ever be self-supporting and able to live independently. At present the Town of Greenwich pays for CT Page 1404 his education; however, the parties' have had significant expenses for his hospitalizations and evaluations and medications because large portions have been unreimbursed.
His principal caretaker has been and remains Mrs. Horan. She is unable to work full-time as he must be supervised when he is not in school. From the days when she arranged his modeling appointments and travelled with him, to the days when he was first diagnosed as having a learning disability and then to the later days when the parties experienced and learned of the depth of his illness, she has been involved with him on a full-time basis. Mr. Horan concurred that she has taken very good care of their son. The court, in the orders that follow, has attempted to provide for the plaintiff recognizing that she is unlikely to be gainfully employed and to acquire capital assets in the future.
The court finds that there is requisite jurisdiction. The evidence presented at trial clearly established that the parties' marriage has broken down irretrievably. No useful purpose would be served by a review of the evidence as presented. The parties' difference in personalities, values, sensitivities, and attitudes toward money caused problems which led to the disintegration of the marriage. Under the circumstances, the court declines to assess fault to either party Judgment may enter dissolving the marriage on the ground of irretrievable breakdown.
Accordingly the following orders shall enter:
A. Custody
1. The parties shall share joint legal custody of the minor child. His principal residence shall be with the plaintiff.
2. The defendant shall have reasonable rights of visitation including but not limited to visitation on alternating weekends from Friday at 6 p. m. to Sunday at 8 p. m., alternating holidays and two weeks each summer.
3. The plaintiff shall keep the defendant informed about the child's welfare. She shall also notify him of any activities in which the child may engage so that the defendant may participate in them.
B. Alimony and Child Support CT Page 1405
1. The defendant shall pay to the plaintiff the sum of $4500 per month as unallocated alimony and child support until the minor child Paul attains the age of 18, dies, or is otherwise emancipated.
2. At such time that child support ceases, the defendant shall pay to the plaintiff the sum of $4000 per month as alimony terminable upon the earliest to occur of the following events, the defendant's death, the plaintiff's death, her remarriage or her cohabitation pursuant to statute.
3. In the event the plaintiff remarries or cohabits before the minor child attains the age of 18 years or is emancipated, the defendant shall pay child support to the plaintiff in a sum based on the applicable child support guidelines.
4. A contingent wage withholding order may enter.
C. Division of Marital Assets
1. The defendant shall quitclaim his interest in the marital residence at 4 Janet Court, Riverside, Connecticut to, the plaintiff. She shall be responsible for paying the mortgage, taxes and other expenses connected with the property. She shall hold him harmless from any and all liability thereon.
2. The plaintiff shall quitclaim her interest in the condominium located at 37-17 Balance Rock, Seymour. He shall be responsible for paying the mortgage, taxes, common charges and other costs connected with the property and shall hold the plaintiff harmless from any and all liability thereon.
3. The parties shall equally divide the securities in the Quick Reilly account.
4. The defendant shall transfer $62,500 of his Fidelity account to the plaintiff.
5. The defendant shall retain his 401K plan, his IRA rollover, his Xyplex ESP fund and the balance of the Fidelity IRA account.
6. The plaintiff shall retain her Fidelity IRA.
D. Insurance CT Page 1406
1. The defendant shall maintain life insurance in the amount of $500,000 for the benefit of the plaintiff and the minor child so long as he has a financial obligation to support them.
2. The defendant shall maintain the child on his medical insurance for so long as the child remains eligible. The parties shall share equally in the unreimbursed medical expenses of the child.
3. The defendant shall cooperate with the plaintiff in obtaining medical insurance through COBRA.
E. Liabilities
1. Each party shall pay the obligations which are listed on his/her own financial affidavit and hold the other party harmless and free from any claim thereon.
F. Counsel Fees
1. The defendant shall pay $5000 toward the plaintiff's counsel fees.
G. Miscellaneous
1. The defendant shall pay to the plaintiff the sum of $4663 within 60 days of this judgment. This sum represents an arrearage in pendente lite support, unreimbursed medical expenses and a Putnam Trust bank charge.
2. The plaintiff shall use the account which she maintains for Paul's benefit solely for the benefit of the minor child. She shall furnish the defendant with an accounting each year on the anniversary date of this decree.
All other claims for relief not expressly addressed herein have been rejected.
Judgment may enter accordingly.
Leheny, J.